UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CARLOS LOZANO,                                )
       *Plaintiff*,                          )
                                          )
    *vs.*                                   )     2:13-cv-00001-JMS-WGH
                                          )
YAN J. WANG and DAVID J. ECKSTROM, JR.,       )
       *Defendants*.                       )

## ORDER TO FILE JOINT JURISDICTIONAL STATEMENT

Plaintiff Carlos Lozano filed an Amended Complaint against Defendants Yan J. Wang and David J. Eckstrom, Jr., alleging that diversity jurisdiction exists over this matter.  [Dkt. 6 at 1, ¶ 5.]  Mr. Lozano alleges that: (1) he was a citizen of Texas when the collision that is the subject of this matter occurred, [*id.* at 1, ¶ 2]; (2) Yan Wang was a citizen of California, [*id.* at 1, ¶ 3]; (3) David Eckstrom, Jr. was a citizen of Nebraska, [*id.* at 1, ¶ 4]; and (4) the amount in controversy "exceeds the sum of $75,000.00 exclusive of interest and costs," [*id.* at 1, ¶ 7].

Yan Wang has answered Mr. Lozano's Amended Complaint.[1]  [Dkt. 17.]  In the Answer, Yan Wang admits that he was a citizen of California at the time of the collision, [*id.* at 1, ¶ 1], admits that there is diversity jurisdiction because "all of the parties named herein were residents of states other than the State of Indiana," [*id.*], and admits that the amount in controversy exceeds $75,000 exclusive of interest and costs, [*id.*].  Yan Wang denies, however, Mr. Lozano's allegations relating to Mr. Lozano's citizenship and Mr. Eckstrom's citizenship due to insufficient knowledge, [*id.* at 1, ¶ 2].

---

[1] Although Yan Wang's Answer refers to Mr. Lozano's "Complaint" rather than "Amended Complaint," the Court assumes that the Answer corresponds to the Amended Complaint based on its January 4, 2013 Order stating that Defendants need not respond to Mr. Lozano's original Complaint, but rather shall timely respond to the Amended Complaint once it is filed.  [Dkt. 5.]

The Court must independently determine whether proper diversity among the parties exists. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).  The Court is not being hyper-technical:  Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).  Based on Yan Wang's answers to Mr. Lozano's Amended Complaint, the Court cannot determine whether it can exercise diversity jurisdiction over this case.

The Court **ORDERS** all of the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction.  If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **March 20, 2013** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest and costs.  If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **March 20, 2013** setting forth its view regarding the citizenship of each of the parties and the amount in controversy.

03/11/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Paul Thomas Belch
TRAVELERS STAFF COUNSEL
pbelch@stpaultravelers.com

James L. Culp
WHITTEN LAW OFFICE
jculp@indycounsel.com

Jason J. Hoy
WHITTEN LAW OFFICE
jhoy@indycounsel.com

Mark Andrew Psimos
LAW OFFICES OF MARK A. PSIMOS
psimoslaw@airbaud.net

Christopher R. Whitten
WHITTEN LAW OFFICE
cwhitten@indycounsel.com